# AFFIDAVIT IN SUPPORT OF AN APPLICATION FOR AN ARREST WARRANT

I, Eric Updike, being first duly sworn, hereby depose and state as follows:

## INTRODUCTION AND AGENT BACKGROUND

1. I am employed as a Special Agent with the Internal Revenue Service ("IRS") in Harrisburg, Pennsylvania, and have been employed in this capacity since August of 2005. As a Special Agent with Internal Revenue Service – Criminal Investigation ("IRS-CI"), my duties include the investigation of possible criminal violations of the Internal Revenue Code and related offenses, including money laundering.

2. This affidavit is submitted in support of an an application for an arrest warrant for WASIM SHAZAD, the owner and operator of DUA DIAMONDS INC, a/k/a VASIM JEWELRY, a/k/a VASIM JEWELER, a business located at 83 South 8th Street, Philadelphia, PA, and V JEWELERS, located at 735 Sansom Street, Philadelphia, PA, for violations of: Title 18, United States Code, Section 1956(a)(3)(C) (money laundering); and Title 31, United States Code, Sections 5324(b)(1) and 5331 (failing to file reports relating to currency received in nonfinancial trade or business).

3. For the reasons stated below, there is probable cause to believe that WASIM SHAZAD has commited criminal activities, including money laundering, in violation of 18 U.S.C. § 1956(a)(3)(C), and failing to file reports relating to currency received in nonfinancial trade or business, in violation of 31 U.S.C §§ 5324(b)(1) and 5331.

## AGENT BACKGROUND

4.During the course of my employment as a Special Agent with IRS-CI, I have attended an extensive twenty-six week course at the Federal Law Enforcement Training Center, in Glynco, Georgia, for training on the Internal Revenue Code, money laundering offenses, currency transaction reports ("CTRs"), criminal and civil forfeiture, constitutional law, the laws of search and seizure, and the use of search warrants in investigations.

5.I have conducted and/or participated in approximately fifty investigations of alleged criminal income tax violations and related offenses. I have participated in the execution of over forty search warrants of businesses and residences.

6.I am a graduate of the Pennsylvania State University with a Bachelor's Degree in Professional Accountancy and a Master's Degree in Business Administration. I am also a Certified Public Accountant, although with an inactive license, in the Commonwealth of Pennsylvania.

## INVESTIGATION BACKGROUND

7.I base this affidavit on my personal investigation and the investigation of other Special Agents with the Internal Revenue Service ("IRS"), Special Agents with the Federal Bureau of Investigation ("FBI"). This affidavit is intended to show merely that there is sufficient probable cause for the requested complaint and warrant and does not set forth all of my knowledge about this matter.

8.I am one of the case agents assigned to the criminal investigation of WASIM SHAZAD. The information contained within this affidavit is based on my training and

experience, as well as my review of documents, source information, recorded conversations, and information from other law enforcement agents and officers assigned to the IRS, the FBI, and detectives from Montgomery County, Pennsylvania.  Because this affidavit is being submitted for the limited purpose of establishing probable cause for an arrest warrant, I have not included each and every fact known to me concerning this investigation.

## Background of Investigation

9.      Since 2014, the FBI Violent Crimes Task Force and the Philadelphia Police Department, Major Crimes Division, have investigated a series of jewelry store distraction thefts and robberies reported to have been committed in multiple states by groups of males from the Philadelphia, Pennsylvania area between 2012 and late 2016. During the distraction thefts, a male entered the jewelry stores for the purpose of distracting employees and other males then entered the stores separately to covertly remove jewelry and/or watches from the jewelry store display cases. Law enforcement officers investigating these thefts determined, through review of video surveillance recordings from the stores, that an individual, who later became a confidential source ("CS1"),[1] was one of the participants in these thefts.

10.     In an interview in December 2016, CS1 admitted to participating with others in at least 36 diversionary-style jewelry store thefts in multiple states between January 2014 and

---

[1]     In 2002, CS1 was convicted of interstate transportation of stolen goods in the Eastern District of Pennsylvania and was sentenced to 24 months' imprisonment and three years' supervised release.  In addition, in 2018, CS1 entered a guilty plea to interstate transportation of stolen goods and fraudulent use of a social security number in the Eastern District of Pennsylvania and hopes to get a benefit from the government through a cooperation guily plea.  Philadelphia County records show that CS1 has been arrested on at least 15 prior occasions for theft-related and burglary charges and been convicted of theft crimes on at least ten occasions, with the latest occurring in 2015.

October 2016. CS1 stated that the stolen goods were almost always brought back to Philadelphia, where they were sold to "dirty jewelers" on South Street or Jeweler's Row. CS1 identified one of the "dirty jewelers" who bought those stolen goods as WASIM SHAZAD.

11. I also received information through various sources that WASIM SHAZAD knowingly sold jewelry to drug dealers who paid in cash they had obtained from their illicit drug trafficking, thereby converting drug proceeds into physical assets.

12. Through my investigative experience, I know that narcotics traffickers extensively utilize high-end retail and wholesale establishments, including jewelry stores, to launder and repatriate illegal drug proceeds, while concealing the source and nature of funds from law enforcement authorities by circumventing all filing requirements mandated by the Bank Secrecy Act.

13. I know from my training and experience that persons who are engaged in non-financial trades and businesses, such as the jewelry stores owned and operated by WASIM SHAZAD, are required, under Title 31, Section 5331, to file a report with the Financial Crimes Enforcement Network ("FinCEN") when, in the course of that trade or business, more than $10,000 in cash is received in one transaction or two or more related transactions. That report, a Form 8300, must be filed within 15 days after the receipt of more than $10,000 in cash in a signle transaction or, for multiple related transactions, within 15 days after the total amount paid exceeds $10,000. 31 C.F.R. §§ 103.30(a)(1)(i), (b), (e); 26 C.F.R. § 1.6050I-1(e). That report must contain the name and address and identification information of the person from whom the cash was received, the amount of the cash received, the date and nature of the transaction or related transactions, and the identification of the person filing the report. *Id*.

14. From my review of tax returns and incorporation documents and information from CS1 and other sources, I learned that WASIM SHAZAD owned and operated two jewelry stores, DUA DIAMONDS, INC, a/k/a VASIM JEWELRY, a/k/a VASIM JEWELER, located at 83 South 8th Street, and V JEWELERS, located at 735 Sansom Street, both in Philadelphia, PA.

### Current Investigation

15. On or about April 4, 2018, at the direction of IRS special agents, an undercover officer ("the UC") met with WASIM SHAZAD at SHAZAD's jewelry store, V JEWELERS, at 735 Samson Street in Philadelphia, PA. In that meeting, the UC told SHAZAD that he was looking for jewelry for himself and for his girlfriend, and that he would pay cash as he "hustled for a bit cocaine and stuff." The UC purchased a piece of jewelry for himself for approximately $780 in cash, discussed buying something for his girlfriend, and told SHAZAD that his girlfriend knew that he sold dope. This meeting was recorded on audio and video.

16. On or about June 5, 2018, at the direction of IRS special agents, the UC again met with WASIM SHAZAD at V JEWELERS, at 735 Samson Street. During this recorded meeting, the UC told SHAZAD that he had sold a guy who owed him money some cocaine for $30,000, and the guy gave the UC $25,000 and a Rolex watch. SHAZAD and the UC also discussed laundering money through a casino and the UC told SHAZAD: "I'm in a hard place 'cause I don't have a job. I'm just selling dope," to which SHAZAD responded: "Yeah." The UC then purchased a woman's platinum and diamond necklace, with 16.56 total diamond carat weight, from SHAZAD for $24,000 in cash, which the UC provided to SHAZAD at that time. SHAZAD never took any information from the UC to complete a Form 8300 for a cash transaction of more than $10,000. Instead, SHAZAD prepared an appraisal for $48,336 for the

5

diamond necklace, using a name that the UC provided as the name of his girlfriend and an address in Lititz, Pennsylvania, as the UC told SHAZAD: "I don't need nothing in my name." The name used to sign the appraisal was "Waris Wasim."

17. I have confirmed with FinCEN that a Form 8300 was not filed by WASIM SHAZAD or by V JEWELERS for this $24,000 cash transaction.

18. On or about July 2, 2018, at the direction of IRS special agents, the UC again met with WASIM SHAZAD at V JEWELERS, at 735 Samson Street. During this recorded meeting, the UC asked SHAZAD to give an opinion on the value of jewelry that the UC was wearing and the UC and SHAZAD discussed high-end watches. During the conversation, the UC told SHAZAD that he sells kilos and the stuff comes in through Texas, and SHAZAD affirmed his understanding of what the UC was telling him by responding "yeah," "okay," and uh-huh" throughout the conversation. The UC also told SHAZAD that he has a van with hollowed-out spots to hide the cocaine, and that he conceals his illegal drug trafficking activity by using the van to transport people to area casinos. SHAZAD responded to this by saying" "There you go."

19. On or about August 14, 2018, at the direction of IRS special agents, in a recorded meeting, the UC looked at jewelry and watches that SHAZAD showed him and purchased a 2.01 carat canary diamond and platinum ring from SHAZAD for $23,000 in cash, which SHAZAD would have ready for the UC in a week. During this meeting, the UC discussed with SHAZAD that he was trying to put some of the money he made from selling cocaine into other investments, like real estate – "flipping properties." SHAZAD told the UC that this was good, "a smart move." The UC also told SHAZAD that he sold cocaine to doctors in Las Vegas, to which SHAZAD responded: "The doctors on cocaine, really?" The UC picked up the ring from

SHAZAD on or about August 21, 2018 during a recorded meeting.  SHAZAD prepared a false layaway record for the purchase.  The UC told SHAZAD to use his girlfriend's name, not his, on the layaway record.  SHAZAD complied.  SHAZAD told the UC that he showed down-payments, each less than $10,000, in his receipt book because he would have to "fill out the form" if he received over $10,000 at one time. SHAZAD explained: "you, you not give it to me all in one shot.  You give it to me in a, in a payment plan."  SHAZAD also acknowledged that he did not "take ID" from the UC, stating that he was just selling, not buying.

20. I have confirmed with FinCEN that a Form 8300 was not filed by WASIM SHAZAD or by V JEWELERS for this $23,000 cash transaction.

21. I learned from F.R., a customer of WASIM SHAZAD, that, between on or about October 3, 2018 and on or about late December 2018, F.R. made $14,768 in cash payments to V JEWELERS for a 2.5 carat diamond and an engagement ring setting for his fiancée.  During that time period, F.R. made two cash deposits in the amounts of $100 and $500, a credit card payment in the amount of $1,000, and additional cash payments in the amounts of $5,000 and $7,832 to pay for the diamond and ring setting.

22. I have confirmed with FinCEN that a Form 8300 was not filed by WASIM SHAZAD or by V JEWELERS for these related transactions, totaling $14,768.

## CONCLUSION

23. Wherefore, based on my training, experience, and knowledge of this investigation, there is probable cause to believe that WASIM SHAZAD: (a) to avoid a transaction reporting requirement under federal law, did knowingly and intentionally conduct financial transactions, namely selling a platinum and diamond necklace for $24,000 in United States currency  and a

diamond ring for $23,000 in United States currency, both transactions involving property represented to be the proceeds of specified unlawful activity by a law enforcement officer, in violation of 18 U.S.C. § 1956(a)(3)(C); and (b) did knowingly and intentionally cause a non-financial trade or business to fail to file a report required under 31 U.S.C. § 5331 or any regulations prescribed under that section, including 31 C.F.R. §§ 103.30(a)(1)(i), (b), (e); 26 C.F.R. § 1.6050I-1(e), by failing to file a Form 8300 as required after receiving: (i) $24,000 in United States currency for the sale of a platinum and diamond necklace; (ii) $23,000 in United States currency for the sale of a diamond and platinum ring; and (iii) $14,768 for the sale of a diamond and engagement ring setting. Accordingly, there is probable cause to issue a warrant for his arrest.

Respectfully submitted,

*/s Eric Updike*
ERIC UPDIKE
Special Agent, Internal Revenue Service

Subscribed and sworn to before me
on September 17, 2021:

*/s Honorable Carol S. Moore Wells*
HONORABLE CAROL S. MOORE WELLS
UNITED STATES MAGISTRATE JUDGE